A. C. GRAHAM v. SAM SPARKS, STATE TREASURER, ET AL.

Decided June 19, 1909.

**Garnishment—Insurance Companies—Receivership.**

Where an insurance company has ceased to do business and its affairs and property have been placed in the hands of a receiver by a court of competent jurisdiction, at the instance of the Attorney-General, in an action to forfeit its charter, the fund deposited by the company with the State Treasurer for the benefit of policy holders, in accordance with the statute (Acts 1903, chap. 109, sec. 5), is not subject to garnishment at the suit of one of many policy holders who has recovered a judgment against the company.  The fund is in custodia legis and held for the benefit of all.

Appeal from the District Court of Dallas County.  Tried below before Hon. J. C. Roberts.

*Meador & Davis,* for appellant.—After the Standard Mutual Fire Insurance Company was placed in the hands of a receiver the trust funds in the hands of the garnishee, Sparks, State Treasurer, were subject to execution by a judgment policyholder.  Rev. Stats., arts. 3096, 3096ww, 3096xx, 3096yy, 3096aaa; Cooke v. Warner, 14 Atl. Rep., 798; Ruggles v. Chapman, 59 N. Y., 163; Ruggles v. Chapman, 64 N. Y., 557; Boston A. R. Co. et al. v. Mercantile Trust & Deposit Co., 34 Atl. Rep., 778 to 788; People v. Chapman, 5 Hun, 222; People v. American Steam Boiler Insurance Co., 41 N. E., 423, 424;

Kitchen v. Conklin, 51 How. Pr., 308; Falkenbach v. Patterson, Receiver, 1 N. E., 757 to 763, 22 Cyc., 1390.

*R. V. Davidson,* Attorney-General, *W. E. Hawkins,* Assistant Attorney-General, and *W. J. Moroney,* for appellees.

RAINEY, CHIEF JUSTICE.—On December 13, 1906, A. C. Graham recovered in the District Court of Dallas County a judgment for $673.62 against the Standard Mutual Fire Insurance Company of Houston, Texas, on an insurance policy, and said judgment is unsatisfied. On July 15, 1907, said insurance company was placed in the hands of a receiver by the District Court of Travis County, and George E. Shelley was appointed receiver, who immediately qualified as such. Prior to the appointment of said receiver said insurance company had deposited with Sam Sparks, State Treasurer, the sum of $640.50, by virtue of section 5 of an Act of the Legislature of 1903, page 166. On February 19, 1908, Graham caused a writ of garnishment to be issued and served on Sam Sparks, who failing to answer, the District Court of Dallas County issued a commission, and thereunder Sparks answered: "That he as said treasurer is now, and was at the time the said writ was served upon him, indebted to the Standard Mutual Fire Insurance Company of Houston, Texas, in the sum of six hundred, forty and 50/100 dollars; that said six hundred, forty and 50/100 dollars is now on deposit with the State Treasurer in the said treasurer's office." Said answer being returned, said District Court on March 21, 1908, rendered judgment against said Sparks, State Treasurer, for said sum, the judgment among other things reciting that said treasurer "is ordered to deliver up to the sheriff of Travis County or any constable of said Travis County presenting an execution herein," etc. On April 15, 1908, an execution issued reciting said judgment, and delivered to the sheriff of Travis County, Geo. B. Matthews, who on April 17, 1908, presented same at the treasurer's office in Austin, and said Sparks being absent, his chief clerk delivered to said sheriff said sum of money, to wit, $640.50, in accordance with the command of said writ, and therefor said sheriff executed the following instrument, to wit: "Received this day of Sam Sparks, Treasurer of the State of Texas, the sum of six hundred, forty and 50/100 dollars ($640.50) under and by virtue of and in part satisfaction of a certain execution dated March 21, 1908, issued out of the District Court of Dallas County, 14th Judicial District of Texas, in cause No. 699, A. C. Graham v. Sam Sparks, Garnishee, said money having been heretofore deposited in the State Treasury by the Standard Mutual Fire Insurance Company, having its domicile at Houston, Texas, under the provisions of chapter 109 of the General Laws of the 28th Legislature of Texas.

"Under written instruction and authority given to me by the attorneys for said plaintiff, A. C. Graham, said sum of six hundred, forty and 50/100 dollars ($640.50) is accepted by me for the purposes and with the understanding and upon the terms and conditions set forth in said execution."

Shortly after the said George B. Matthews received this money from

the chief clerk of State Treasurer Sam Sparks, and on the same day he was advised both by Geo. E. Shelley, receiver of the Standard Mutual Fire Insurance Company, and Judge V. L. Brooks, judge of the Twenty-sixth Judicial District of Texas, that said Standard Mutual Fire Insurance Company was in the hands of a receiver, and that the said funds which he, the said George S. Matthews, had in his possession belonged to the receiver, and Judge V. L. Brooks further stated to said George S. Matthews that he must not forward said $640.50 to A. C. Graham, his attorneys, or the district clerk, but that he must hold same, and that he, the said George S. Matthews, sheriff, would be ordered by decree of the District Court to return said money to the said Sam Sparks, State Treasurer. Said money was by the said Matthews returned to the State Treasurer in accordance with an order of the judge of the Twenty-sixth District. He made the following return on said execution, to wit: "Came to hand on the 17th day of April, 1908, and executed on the 17th day of April, 1908, by collecting the within amount, $640.50, as the property of the Standard Mutual Fire Insurance Company, and on the 18th day of April, 1908, having been notified by George S. Shelley that said company was in the hands of a receiver, and he was said receiver, and to hold said money until the court could instruct me what to do with said money. On the 2d day of May, 1908, said court ordered me to pay over said money to the State Treasurer, a copy of which order is hereto attached, and upon said order I paid said $640.50 back to the State Treasurer, as per copy of his receipt hereto attached. After paying over said sum to the State Treasurer I again demanded said sum of money, $640.50, of said Treasurer upon this writ, to which demand he refused to pay over same. And this writ is returned this May 6, 1908, not satisfied."

Graham filed two motions in the District Court of Dallas County, one seeking judgment for $640.50 against Sheriff Matthews and his sureties for the failure to pay over said money to him, and the other for judgment against Sparks in the event judgment was not rendered against Sheriff Matthews. Said motions were consolidated, and upon hearing were denied, and Graham appeals.

A decision of this case depends upon whether the fund in the hands of the State Treasurer, under the facts of this case, was subject to garnishment. The fund was deposited with the Treasurer of the State in trust by the Standard Mutual Fire Insurance Company of Houston for the benefit of its policyholders, in accordance with section 5, chapter 109, Acts Legislature 1903, and as long as said company was solvent and a going concern said fund was subject to garnishment, but said insurance company had ceased to do business, and its affairs had been placed in the hands of a receiver by a court of competent jurisdiction at the instance of the Attorney-General in an action to forfeit its charter, and the receiver ordered "to take charge of and to close up the business affairs of said company under the further orders of this court." The District Court of Travis County had jurisdiction to forfeit the charter of said insurance company and appoint a receiver to take charge of its property, and said fund was in *custodia legis,* unless the character of its holding was such that the court could not con-

trol it by reason of section 9 of said Act of 1903, which provides that "The securities in the hands of the State Treasurer over and above the amount necessary to pay losses already incurred shall be by the Commissioner of Insurance divided among the policyholders at the date of forfeiture in proportion to the amount of insurance then held by them." In either event the fund was held for the benefit of the policyholders of said company, and was therefore not subject to garnishment, under the conditions then existing. The fund was held subject to distribution among the policyholders of said insurance company, and Graham was entitled to his proportion thereof, but in the absence of evidence that he was the only policyholder, he was not entitled to recover it all by the aid of the writ of garnishment. To enforce his rights to the fund or a portion thereof, he should have resorted to some other remedy. The judgment is affirmed.

*Affirmed.*